## In re KOWALSKY.

### No. 15,329; December 22, 1893.

#### 35 Pac. 77.

**Attorneys—Misconduct—Disbarment.—The Judge of Department 9** of the superior court of San Francisco, who had directed a guardian not to pay out any of the trust fund except on order of the court, refused to grant an attorney an order allowing payment for services, because not properly itemized. This judge had, in fact, never had jurisdiction of the matter, and the attorney was so told by the judge of department 10, where the same was pending, and who promised to sign the order. The attorney thereupon, in good faith, obtained the money from the guardian, after telling him the facts. Held, no ground for disbarment.

Proceedings to disbar Henry I. Kowalsky. Dismissed.

Robert Y. Hayne for petitioner; Frank M. Stone for respondent.

PER CURIAM.—This proceeding was instituted here by a written accusation charging Henry I. Kowalsky, an attorney of this court, with certain professional misconduct, and praying that he "be removed from the office of attorney and counselor at law." Kowalsky filed a written answer to the accusation, and the proceeding was referred to Hon. Niles Searls, now one of the commissioners of this court, to take evidence in the matter, "and to report the facts adduced therefrom to this court." The commissioner took, in writing, the evidence introduced by the parties to the proceeding, and returned the same to the court. He also reported, made and filed his findings of facts, which are as follows:

"Filed June 3, 1893.

"In the Supreme Court of the State of California.

"Proceedings to remove Henry I. Kowalsky from the office of attorney and counselor at law. (No. 15,329.)

"The undersigned, heretofore appointed a committee to take depositions in the above-entitled proceeding, and to report the facts deduced therefrom to the supreme court, begs leave to

report that the parties appeared before him by their respective attorneys—John A. Wright, Esq., appearing for and on behalf of the prosecution, and Frank M. Stone, Esq., on behalf of Henry I. Kowalsky, the accused; whereupon the testimony offered by the respective parties was received, reduced to writing, and is herewith reported to the court. From the testimony so taken, and from the admissions in the pleadings, and after argument of counsel for the respective parties, I find the following facts:

"(1) Henry I. Kowalsky is, and all the times mentioned in the proceedings herein was, an attorney and counselor at law, regularly admitted to practice as such attorney and counselor, in all the courts of the state of California.

"(2) On the 27th day of March, 1890, one P. J. Corbett, by an order of the superior court in and for the city and county of San Francisco, state of California, made in department No. 10 thereof, by Hon. Walter H. Levy, one of the judges of said court, and judge of said department No. 10, was duly appointed guardian of the person and estate of a certain minor named Henry MacDonald, and duly qualified as such guardian, giving a bond in the sum of one hundred dollars, being the amount fixed by the court, whereupon letters of guardianship issued to him, and he entered upon the discharge of his duties as such guardian, and continued so to act during the time hereinafter mentioned.

"(3) The minor, Henry MacDonald, at the time of the appointment of the said guardian, asserted himself, or was asserted by his mother, to be the son of one C. E. S. MacDonald, deceased, who was a man of large wealth, and whose estate was then in the course of administration in the said superior court, but the said claim of relationship was denied by the relatives of the said decedent; and the said minor, Henry MacDonald, was possessed of no property, and had no expectation of receiving any during his minority, unless he established, by process of law, his said disputed claim of relationship, and obtained a part of said estate.

"(4) Jeremiah D. Sullivan, Esq., an attorney at law, entered into an agreement with the mother and family of the said minor, Henry MacDonald, by the terms of which, in consideration of one-half of any sum or sums of money which might be recovered for said minor from the estate of C. E. S.

MacDonald, deceased, he undertook to conduct, as an attorney, such proceedings as might be necessary to establish the right of said minor to said estate, or to an interest therein. Said Sullivan appeared as the attorney for P. J. Corbett in the matter of procuring for him letters of guardianship of said minor, and the said Corbett, as guardian, assented to the agreement between Sullivan and the family of said minor in reference to the services and compensation of said Sullivan. Some months later, said Jeremiah D. Sullivan, finding that the course of litigation necessary to establish the rights of said minor in and to the estate was likely to be protracted and laborious, employed the respondent, Henry I. Kowalsky, as associate counsel, to assist him therein, and the latter labored for a period of from four to seven months, assiduously, in the accomplishment of the object of his employment.

"(5) The proceedings to establish the claim of Henry Mac-Donald to be the son of C. E. S. MacDonald, deceased, and to be entitled to a share in his estate, were initialed and prosecuted in the superior court in and for the city and county of San Francisco, and in department No. 9 thereof, of which Hon. J. V. Coffey was and still is the judge.

"(6) The compensation of respondent, Kowalsky, for his services in the matter of prosecuting the claims of said minor, as agreed upon between said Sullivan and respondent, was to be one-half of that which he (Sullivan) might receive under his (the said Sullivan's) agreement.

"(7) Such proceedings were had in the superior court (department No. 9) that prior to October 3, 1892, the status of Henry MacDonald, as the son and heir of C. E. S. MacDonald, was established in his favor; but an appeal to the supreme court had been taken, or was about to be taken, and there being other litigation pending, involving a large share of the estate, it was deemed judicious to compromise the matters in issue, and it was accordingly agreed upon; and on the 3d day of October, 1892, the respondent, Henry I. Kowalsky, appeared before Hon. J. V. Coffey, judge of department No. 9 of the superior court, in company with P. J. Corbett, guardian, and, as attorney for said Corbett, presented a plan of compromise, and an order authorizing said Corbett, as guardian of Henry MacDonald, to settle and compromise the matters of difference touching the estate of C. E. S. MacDonald, de-

ceased. The order was granted by the court, and a com-
promise made. The estimated value of the estate at the date
of the settlement was, say, $120,000, of which Henry Mac-
Donald, by the terms of the compromise, become entitled to,
say, $40,000.

"(8) Prior to the 6th day of October, 1892, Hon. J. V.
Coffey, judge of department No. 9 of the superior court, ad-
vised and instructed P. J. Corbett, guardian of Henry Mac-
Donald, in the presence of Henry I. Kowalsky, to keep the
funds of his ward, Henry MacDonald, intact, to deposit the
same in bank, and not to make any payments therefrom except
upon order of the court. The advice so given to Corbett was
in unison with a practice which prevailed in the court of Judge
Coffey, but which had not been, up to that date, published as
a rule of his department of the superior court.

"(9) At the date of the directions so given by Judge Coffey
to Corbett, the matter of the guardianship of Henry Mac-
Donald was not, and never had been, pending in the depart-
ment of Hon. J. V. Coffey, judge in department No. .9 of the
superior court, but had been, was, and for some weeks there-
after continued to be, pending in department No. 10 of the
superior court, presided over by Hon. W. H. Levy, Judge.
Judge Coffey at that time supposed, and all the parties sup-
posed, the matter of guardianship aforesaid was pending in
his (Judge Coffey's) department.

"(10) On the 6th day of October, 1892, P. J. Corbett had
in his hands funds of the estate of his ward, Henry Mac-
Donald, paid him by James C. Pennie, Esq., administrator of
C. E. S. MacDonald, deceased, amounting to $7,000, less $500
paid to Henry I. Kowalsky by said Pennie, and receipted for
as cash by said Corbett, guardian, which funds were on de-
posit in the German Savings and Loan Society's Bank, except
the $500 paid to Kowalsky, as aforesaid. Jeremiah D. Sulli-
van had, at said last-mentioned date, paid out from his own
funds, in the conduct of the case on behalf of Henry Mac-
Donald, and in the support of said minor and his mother and
family, the sum of $2,200.

"(11) On said 6th day of October, 1892, Henry I. Kow-
alsky was about to leave by an evening train for Los Angeles,
and both he and said Sullivan were desirous of receiving, as
fees and compensation on account of services and expendi-

tures in the MacDonald case, the sum of $3,500, making, with the sum already received, the sum of $4,000. The parties, Corbett, Kowalsky and Sullivan, met on that day at the office of the latter, when the subject of such payment was broached to Corbett, who was willing to make the payment, but desired an order of the court authorizing the same. An order was drawn, and at about 1 o'clock P. M. Kowalsky repaired with it to the city hall to procure an order of allowance, etc., for $4,000. Before leaving, it was suggested that, as the hour was becoming late, Kowalsky should, upon procuring the order, telephone to Sullivan, that Corbett might procure the funds from the bank before it closed. The order was presented by respondent to Judge Coffey in open court, and by him refused, because not itemized and verified, as required by the rules of his department. Kowalsky then left the courtroom of Judge Coffey en route for the clerk's office, to procure the data upon which to frame an itemized petition and order. On his way he called in at the courtroom of Judge Levy, to take leave of the latter before departing for Los Angeles, and, to the question of the latter of what brought him to the city hall, responded, 'To get an order from Judge Coffey in the Mac-Donald guardianship case,' and received for reply that the guardianship matter was in his (Judge Levy's) department, and not in that of Judge Coffey. Kowalsky repaired to the clerk's office, verified the statement of Judge Levy, and then returned to Judge Levy, told the latter he was correct, and asked for the order, which Judge Levy, knowing of the services rendered, was willing to grant, but was then informed by Kowalsky that he had made a like application to Judge Coffey, and that it had been refused, giving the reason therefor. Judge Levy responded that he had no such rule in his department, but that, under the circumstances, he (Kowalsky) had better comply with the rule, and bring it up regularly in court when the order would be granted. Kowalsky then telephoned to Sullivan that the case was not in Judge Coffey's court, but in that of Judge Levy, and that it would be all right. P. J. Corbett, who had remained at Sullivan's office, thereupon repaired to the German Savings Bank, drew $3,500, and brought it to Sullivan's office. On the return of Kowalsky, he explained truthfully what had occurred at the city hall. Banking hours having closed, Corbett asked Sullivan what he was

to do with the money. Sullivan replied that he and Kowalsky were good for it, and he could pay it to them, and they would get the order from Judge Levy. The money ($3,500) and Kowalsky's receipt for $500 were then handed over, Corbett receiving the joint receipt of Sullivan and Kowalsky for $4,000. A petition and order were then dictated by Kowalsky for the allowance by the court of the $4,000 and written out by a typewriter. The money was divided —respondent, Kowalsky, receiving $1,500 and his receipt for $500 previously paid him, and Sullivan $2,000. Kowalsky then departed to make preparation for his intended trip of that evening for Los Angeles, wrote a note to Judge Coffey, explaining the mistake in supposing the matter to be in his department, and apologizing for the trouble, etc. He also saw Judge Levy in the evening before starting, and told him the money had been paid over. Kowalsky was absent thereafter for some ten days to two weeks.

"(12) Neither Sullivan nor Kowalsky sought or intended to cheat, defraud, deceive, or mislead P. J. Corbett, the guardian, in any way in the premises, but acted in good faith, believing, and having good cause to believe, that, upon presenting the petition and order in proper form in the court of Judge Levy, the said order would be granted, and the guardian authorized to make the payment to them of $4,000, and, had the same been presented in open court, it would have been allowed.

"(13) P. J. Corbett, the guardian, believed the order would be granted by the court upon presentation, and would not have made the payment but for such belief.

"(14) Immediately after Kowalsky left the office, Sullivan and Corbett repaired to the city hall with the petition and order allowing the payment of the $4,000. The court of Judge Levy was not in session, but Sullivan found Hon. W. H. Levy, the judge thereof, in his chambers, and presented to him the papers for an order of allowance, as aforesaid. Judge Levy declined to sign the order until it should be regularly brought to a hearing in open court.

"(15) The value of the services rendered by Sullivan and Kowalsky as attorneys in the case of Henry MacDonald, hereinbefore mentioned, were at least equal to the amount of $4,000, and probably greatly in excess of that sum; but no order of any court or judge authorizing the guardian to pay

any sum of money to them, or either of them, had been obtained or made, prior to October 6, 1892, or prior to the payment of the money on said last-mentioned day.

"(16) The respondent Kowalsky has not, as charged, evaded or disobeyed any lawful or other direction of any judicial officer, except as hereinbefore stated in reference to the instructions of Hon. J. V. Coffey, as to deposit of trust fund in bank by the guardian, and as to the payment of the same out only on the order of the court. Such instructions having been given in a case in which Judge Coffey had then no jurisdiction, and to a guardian over whom he had no authority, it becomes a question as to the binding force and effect thereof.

"(17) The matter of the guardianship by P. J. Corbett of Henry MacDonald was prior to December 12, 1892, transferred to department No. 9 of the superior court, and on or about the last-mentioned date, the account of the said Corbett coming before the court for settlement, the item of $4,000 contained therein, on account of moneys paid to the respondent and Sullivan, was disallowed by the court, and charged to P. J. Corbett as guardian.

"Respectfully submitted,

"NILES SEARLS,

"Committee."

We think that the foregoing findings of the commissioner are fully justified by the evidence, and present a correct and fair statement of the facts in the case; and, after a careful consideration of the matter, we are satisfied that these facts would not warrant us in rendering any judgment against the accused. The prayer of the accusation is denied and the proceeding dismissed.